# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA ex rel. EDWARD KOONS, et al., | No. 2: 15-cv-01291-KJM-EFB |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| UNION PACIFIC RAILROAD COMPANY, et al., | |
| Defendants. | |

On October 20, 2017, the United States gave notice that it had decided not to intervene in this qui tam action under the False Claims Act (FCA). ECF No. 24. That day, the relator filed a notice of voluntary dismissal. ECF No. 25. The United States' notice requests the relator's complaint (ECF No. 1), the United States' notice of election to decline intervention (ECF No. 24), and the United States' proposed order (ECF No. 24-1) be unsealed, but all other previously filed documents remain under seal. ECF No. 24. These documents include, for example, the relator's request to seal documents (ECF Nos. 2, 3), the United States' requests for extensions of time to decide whether to intervene, and the declarations and other materials submitted in support of those requests.

/////

1

As the court has had many occasions to note, the FCA provides that a qui tam action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of in camera material as a case proceeds." *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the United States' request to maintain the seal rests on its argument that "in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." ECF No. 24, p. 2. This explanation does not assure the court that a seal is necessary to maintain the confidentiality of "investigative methods or techniques," to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason. Given the general nature of these documents, the court tentatively finds it unnecessary for any part of the case to remain sealed.

The court therefore orders as follows:

(1) The complaint, ECF No. 1, and the United States' notice of election to decline intervention, ECF No. 24, are UNSEALED;

/////

(2) All other previous filings remain under TEMPORARY SEAL pending further order of this court; and

(3) Within fourteen (14) days of this order, any party may SHOW CAUSE why the previous filings in this action should remain under seal.

IT IS SO ORDERED.

DATED: October 26, 2017.

_____
UNITED STATES DISTRICT JUDGE